MYERS, P.J.,
for the Court.
¶ 1. Kwasba Nichols was convicted in the Circuit Court of Jefferson County of manslaughter in connection with the death of Melvin Wells and was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. He appeals his conviction, asserting trial court error in admitting certain testimony characterized as a dying declaration of the victim and denying his motion for a directed verdict. Finding no error, we affirm the conviction.
FACTS
¶ 2. In the early morning hours of August 28, 2005, Nichols and his cousin, William Hill, arrived at an automobile repair shop seeking repair of a flat tire. Melvin Wells, an occupant who lived at the repair shop, emerged and spoke with Nichols. Nichols requested that Wells repair the tire; but, Wells refused and said, “I can’t fix no tire. This ain’t my tire shop.” Nichols and Hill then accosted Wells with their fists and a piece of wood until interrupted by an eyewitness who arrived at the scene. Once several other witnesses arrived at the scene, Nichols and Hill departed. Wells sought medical treatment with a local physician, but was ordered to a hospital in a nearby county because of the severity of his wounds. Wells died in route to the hospital.
ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE VICTIM’S STATEMENT AS A DYING DECLARATION
¶ 3. Nichols asserts that the trial court abused its discretion in admitting Wells’ statement, which identified Nichols as his assailant, because the statement did not qualify as a dying declaration excepted from the general rule barring hearsay evidence. The admissibility of testimonial evidence is left to the sound discretion of the trial court within the boundaries of the Mississippi Rules of Evidence, and it will not be found in error unless the trial court has abused its discretion. Harris v. State, 861 So.2d 1003, 1018(¶ 41) (Miss.2003). “Such error will warrant reversal only when the abuse of discretion has resulted in prejudice to the accused.” Id.
¶ 4. A dying declaration is “made by a declarant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death.” M.R.E. 804(b)(2). In determining whether a statement qualifies as a dying declaration, the court must determine the state of the declarant’s mind when the statements were made.
¶ 5. Nichols asserts Wells did not comprehend the imminence of his death and did not know he was dying. He concludes that Wells’ statement of identification cannot be admitted as a dying declaration. Nichols asserts that no testimony was presented to the trial court indicating that Wells stated that he was dying. The record discloses, however, that Wells repeatedly made the statement, “Please don’t let me die” to medical personnel. These statements could certainly be considered as evidence that Wells understood the gravity of his situation. We find no error in the admission of Wells’ statement as a dying declaration, and affirm, accordingly.
II. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR A DIRECTED VERDICT
¶ 6. The trial court denied Nichols’ motion for a directed verdict. Aggrieved, he appeals the denial of his motion for a directed verdict, asserting that the verdict *772 was against the overwhelming weight of the evidence and was a result of bias, prejudice or passion. Nichols seeks reversal of his conviction, arguing that the State failed to provide sufficient evidence to convince a jury of his guilt beyond reasonable doubt.
¶ 7. A trial court’s denial of a motion for directed verdict challenges the legal sufficiency of the evidence presented. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the non-movant, consider only the evidence that supports the verdict and give the benefit of all favorable inferences that may be reasonably drawn from the evidence. Dilworth v. State, 909 So.2d 731, 737(¶ 20) (Miss. 2005). If the evidence was sufficient to establish guilt beyond a reasonable doubt and support a guilty verdict, the denial of the motion for a directed verdict is to be affirmed. Shelton v. State, 853 So.2d 1171, 1186(1148) (Miss.2003).
¶ 8. To convict Nichols of manslaughter in the death of Wells, the State had to prove beyond a reasonable doubt that (1) Nichols killed Wells, (2) without malice, (3) in the heat of passion, (4) but in a cruel or unusual manner, or by the use of a dangerous weapon, (5) without the authority of law, (6) and not in necessary self-defense. Miss.Code Ann. § 97-3-35 (Rev.2006).
¶ 9. Nichols argues that the only evidence presented against him at trial consisted of one witness’ testimony regarding the physical confrontation between Nichols and Wells, and that this testimony was lacking in credibility and competency. The record reflects that testimony was taken from several witnesses at trial, including the officers who responded to the scene, treating medical personnel, and the medical examiner. Even if we adopted Nichols’, version of trial events, the jury sits as the fact-finder and determines the credibility of the witnesses and gives value to the weight of the evidence against the accused. Ward v. State, 881 So.2d 316, 323(¶31) (Miss.Ct.App.2004). In viewing the evidence in the light most favorable to the verdict, we find that a reasonable juror could have found Nichols guilty of manslaughter based on the evidence presented. Therefore, the verdict was not so contrary to the weight of the evidence, nor has manifest error been committed. To allow the verdict to stand does not sanction an unconscionable injustice; therefore, the denial of the motion for directed verdict is affirmed.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.